UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

In Re:  Lawrence Braden                                             Chapter 13
                                                                    Case No. ___
Debtor.

## Chapter 13 Plan

Address:     Debtor   1524 Davis, Memphis, TN 38108

Plan Payment:

Debtor Shall Pay: $1,509.00  Monthly               By:  ( x ) Direct Pay SSA & Penison
    Or by:  ( ) Payroll Deduction

1. This Plan [Rule 3015.1 Notice]:

    (A) Contains a Non-standard Provision [See provision 19].                    (X) Yes   ( ) No

    (B) Limits the Amount of a Secured Claim Based on a Valuation of the Collateral for the Claim  (x) Yes   ( ) No
        [See provisions 7 and 8].

    (C) Avoids a Security Interest or Lien. [See provision 12].                  ( ) Yes   (X) No

2. Administrative Expenses: Pay Filing Fee and Debtor Attorney's Fee Pursuant to Confirmation Order.
3. Auto Insurance:    ( ) Included in Plan    Or ( ) Not Included in Plan if proof provided by Debtor
4. Domestic Support Paid By: ( ) Debtor Directly ( ) Wage Assignment   ( ) Trustee To:        Monthly Pmt.
                             ongoing payment begins   _____   _____
                                                      Approximate arrearage  _____   _____
                             ongoing payment begins   _____   _____
                                                      Approximate arrearage  _____   _____

5. Priority Claims:                                                                          Monthly Pmt.
                                              Amount  _____   _____
                                              Amount  _____   _____

6. Home Mortgage Claims:   ( ) Paid Directly by Debtor or ( ) Paid by Trustee To:            Monthly Pmt.
    Bayview Loan Servicing    ongoing payment begins   May 2019                              $588.24
                              Approximate arrearage   $7,176.48    Interest   0.00%          $120.00
                              ongoing payment begins   _____
                              Approximate arrearage   _____   Interest  _____

7. Secured Claims [Retain Lien 11 U.S.C. §1325 (a)(5)]:   Collateral Value   Interest Rate   Monthly Pmt.
    Conn's                                                $800.00            0.00%           $64.00

8. Secured Automobile Claims for Debt Incurred Within 910 Days of Filing, and Other Secured Claims for Debt Incurred Within One Year of Filing [Retain Lien 11 U.S.C. §1325 (a)(5)]:

|  | Collateral Value | Interest Rate | Monthly Pmnt. |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

9. Secured Claims for Which Collateral Will Be Surrendered; Stay Is Terminated Upon Confirmation for the Limited Purpose of Gaining Possession and Commercially Reasonable Disposal of Collateral:

|  | Collateral |  |
|---|---|---|
|  | Collateral |  |

10. Special Class Unsecured Claims:

|  | Collateral Value | Interest Rate | Monthly Pmnt. |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

11. Student Loan Claims and Other Long Term Claims:
    Allied Interstate, Inc./Navient     (x) Not Provided For     ( ) General Unsecured Creditor
    _____            ( ) Not Provided For     ( ) General Unsecured Creditor

12. The Judicial Liens or Non-possessory, Non-purchase Money Security Interests Held by the Following Creditors Are Avoided to the Extent Allowable Pursuant to 11 U.S.C. §522(f):

13. Absent a Specific Court Order Otherwise, All Timely Filed Claims, Other than Those Specifically Provided for Above, Shall Be Paid as General Unsecured Claims.

14. Estimated Total General Unsecured Claims: _____.

15. The Percentage to Be Paid to Non-priority, General Unsecured Claims Is:    ( ) _____ ;
    Or  (X) Trustee Shall Determine the Percentage to Be Paid after Passage of Final Bar Date.

16. This Plan Assumes or Rejects Executory Contracts:
    _____    ( ) Assume    ( ) Reject
    _____    ( ) Assume    ( ) Reject

17. Completion:    Plan shall be completed upon payment of the above, approximately  60  months.

18. Failure to Timely File a Written Objection to Confirmation Shall Be Deemed Acceptance of Plan.

19. Non-standard Provisions:
    For the purposes of provision 8, all collateral will be assumed to have exceeded the time limits set forth in the hanging paragraph following § 1325(a)(9), unless the debtor is in possession of the original contract.

    Any Non-standard Provision Stated Elsewhere Is Void.

20. Certification: This Plan Contains No Non-standard Provisions Except Those Stated in Provision 19.

     /s/ Joseph D. Fox          Date    February 15, 2019
    Debtor's Attorney's Signature                                                      February 15, 2019

                                                                                    910 > August 19, 2016